**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

HENRY YOUNG, III                                                    CIVIL ACTION

VERSUS                                                              21-544-SDD-SDJ

BENJAMIN PAYNE, UNKNOWN DENHAM
SPRINGS POLICE OFFICER, AND
CITY OF DENHAM SPRINGS

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendants, Benjamin Payne ("Payne") and the City of Denham Springs ("Defendants"). Plaintiff, Henry Young, III ("Plaintiff") filed an *Opposition*,[2] to which Defendants filed a *Reply*.[3] For the following reasons, Defendants' *Motion*[4] shall be granted.

**I.     BACKGROUND**

This is an excessive force case. Plaintiff alleges the following. In September 2020, Plaintiff accidentally ingested fentanyl and had a medical emergency.[5] Someone called 911, and EMS arrived with two Denham Springs police officers, including Payne.[6] When EMS and the officers arrived, Plaintiff was unconscious.[7] EMS revived him, and once Plaintiff regained consciousness, "he was disoriented and confused."[8] According to the *Complaint*, Payne and another officer then "jumped on [P]laintiff and began putting all their weight on him."[9] Plaintiff struggled with the officers and told them that he could not

---

[1] Rec. Doc. No. 5.
[2] Rec. Doc. No. 8.
[3] Rec. Doc. No. 9.
[4] Rec. Doc. No. 5.
[5] Rec. Doc. No. 1, p. 3.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

breathe.[10] One of the officers tased Plaintiff five times, and Plaintiff suffered a rotator cuff injury."[11] Plaintiff sued under 42 U.S.C. § 1983, asserting a claim for excessive force in violation of the Fourth and Fourteenth Amendments.[12] He also asserts several state law claims.[13]

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[14] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[15] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[16]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[10] *Id*.
[11] *Id*.
[12] *Id*. at 3–4. The unnumbered count that contains Plaintiff's excessive force claim is titled "Excessive Force, False Arrest." *Id*. at 3. However, no false arrest facts are plead, and neither party briefs a false arrest claim.
[13] *Id*. at 4–5.
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[15] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).

not do."[17] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[20] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[21] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[22]

### B.  The Fourth Amendment Applies to Plaintiff's Claims

Defendants urge that the Fourth Amendment, rather than the Fourteenth, applies to Plaintiff's claims.[23] Plaintiff does not disagree.[24] In *Graham v. Connor*,[25] the Supreme Court held:

> [A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized

---

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[19] *Id*.
[20] *Id*.
[21] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099, at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[22] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[23] Rec. Doc. No. 5-1, p. 4–5.
[24] Rec. Doc. No. 8, p. 5. "Admittedly, in this case, the Fourth Amendment is likely the only constitutional provision applicable." *Id*.
[25] 490 U.S. 386, 395 (1989).

notion of "substantive due process," must be the guide for analyzing these claims.[26]

Therefore, the proper constitutional touchstone for Plaintiff's excessive force claim is the Fourth Amendment. To the extent that Plaintiff asserts an excessive force claim predicated on the Fourteenth Amendment, that claim is dismissed with prejudice.

### C. *Heck v. Humphrey*[27] Bars Plaintiff's § 1983 Claim

As summarized by the Fifth Circuit in *Bush v. Strain*:[28]

> It is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Although the Heck principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive, requiring [courts] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction.[29]

While *Heck* seems to suggest that the *Heck* bar only applies when the plaintiff has been convicted, the Fifth Circuit recently reiterated that the plaintiff bears the burden of showing that "the prior criminal proceeding terminated in his favor,"[30] which is a less forgiving standard.

Defendants attached state court records to their *Opposition*.[31] The records show that Plaintiff was charged with resisting an officer, battery of a healthcare professional,

---

[26] *Id*. at 395 (emphasis in original).
[27] 512 U.S. 477 (1994).
[28] 513 F.3d 492 (5th Cir. 2008).
[29] *Id.* at 497.
[30] *Holmes v. Reddoch*, 2021 WL 5913297, at *1 (5th Cir. Dec. 14, 2021); *Castellano v. Fragozo*, 352 F.3d 939, 959 (5th Cir. 2003); *Hoog-Watson v. Guadalupe Cnty*., Tex., 591 F.3d 431, 435 (5th Cir. 2009).
[31] Rec. Doc. No. 5-3.

and simple criminal damage to property under $1000.00 after he was taken into custody.[32] Plaintiff does not dispute the authenticity of this record; indeed, Plaintiff includes a screenshot of it in his *Opposition*.[33] The Court takes judicial notice of the state court records pursuant to Fed. R. Evid. 201.[34]

There are two issues pertinent to *Heck* analysis. First, whether a notation within the records indicates that Plaintiff paid restitution in exchange for the dismissal of the criminal claims against him. If so, then the second question is whether a dismissal conditioned on the payment of restitution constitutes a "favorable termination" for Plaintiff under *Heck* and its progeny.

The parties' primary disagreement is the interpretation of the notation within the record. On one page of the record, each count is struck through and labeled "nolle prossed."[35] At the bottom of the page is a notation that reads: "[d]ismissed per vic [r]equest after restitution was paid."[36] The notation is not signed.[37] Plaintiff argues that the notation does not indicate that restitution was paid; and, in any event, the Court should not credit the unsigned, handwritten notation. Defendants urge that the notation is a clear indication that restitution was paid.

Plaintiff argues that a court order is required for restitution to a victim, citing La. C. Crim. P. art. 883.2, so the notation cannot mean that Plaintiff paid restitution. This argument is irrelevant. The notation is certainly not a court order. Rather, it appears to be a description of what occurred at a hearing. Plaintiff does not adequately rebut the most

---

[32] Rec. Doc. No. 5-3.
[33] Rec. Doc. No. 8, p. 6.
[34] *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 Fed. Appx. 888, 892 (2020).
[35] Rec. Doc. No. 5-3, p. 9.
[36] *Id*.
[37] *Id*.

natural reading of the notation:[38] he paid restitution,[39] the victim requested that the charges be dismissed, and the charges were dismissed. Therefore, the Court credits the state court records to the extent that they describe that, at a hearing in the state court proceeding, the charges were dismissed *nolle prosequi* after Plaintiff paid restitution. Therefore, the Court must determine whether this constitutes a favorable termination under *Heck* and its progeny.

It is somewhat of an open question what constitutes a "favorable termination" within the meaning of *Heck* jurisprudence. The Fifth Circuit has held that participation in a pre-trial diversion program falls within the "middle ground between conviction and exoneration" but nevertheless is a sufficient penalty to implicate *Heck*.[40] Other courts have gone further, as neatly summarized by a court in the Northern District of Texas:

> Courts have gone as far as to say that "even where there has been no conviction on criminal charges, before a Section 1983 damages claim can be pursued, a Plaintiff must nevertheless show that the charges against him were dismissed in a manner consistent with innocence." And some courts have even held, "where criminal charges are *nolle prossed*, and therefore no conviction was obtained, Heck still bars a claim for damages unless the Plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence."[41]

Defendants cite *Lemoine v. Wolfe*,[42] a Louisiana supreme court case, for the proposition that "dismissal of a criminal prosecution pursuant to La. C.Cr.P. art. 691 will constitute a bona fide termination in favor of the…plaintiff unless the charge is dismissed

---

[38] As is his burden.
[39] In his *Opposition*, Plaintiff admits that he offered to pay for Payne's broken sunglasses before being charged. Rec. Doc. No. 8, p. 9.
[40] *Morris v. Mekdessie*, 768 F. App'x at 301.
[41] *Westfall v. Luna*, 2019 WL 3892438, at *6 (N.D. Tex. Aug. 19, 2019) (quoting *Fritz v. Akosomitas*, 2015 WL 1346311, at *5 (D.S.C. Mar. 23, 2015), aff'd, 610 F. App'x 268 (4th Cir. 2015) and *Jackson v. Gable*, 2006 WL 1487047, at *6 (D.S.C. May 25, 2006)).
[42] 168 So. 3d 362 (La. 2015).

pursuant to an agreement or compromise."[43] However, *Lemoine* answered the question of what constitutes a "favorable termination" for the purposes of a malicious prosecution claim—not *Heck*.[44] Therefore, it does not directly control the Court's analysis.

Plaintiff, however, seems content to litigate under *Lemoine*'s standard. Moreover, as described by courts within this Circuit, "[i]n cases where charges are withdrawn, abandoned, or not prosecuted, courts generally rely on the malicious-prosecution case law to define the favorable termination requirement."[45] This approach is logical since the favorable termination element serves the same purpose in both malicious prosecution claims and *Heck*: the avoidance of collateral attacks on prior judgments. Indeed, federal courts within this state have followed *Lemoine*'s reasoning when considering a *Heck* claim.[46] The line of what constitutes a "favorable termination" must be drawn such that it advances the policy underlying *Heck*: preventing collateral attack, "due to longstanding concerns for finality and consistency, as well as the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[47]

The Court holds that the payment of restitution in connection with the dismissal of pending charges is not a favorable termination because restitution is a form of punishment. This result accords with the current interpretation of *Heck* espoused by numerous courts within this Circuit. A defendant who pays restitution is financially accepting responsibility for the charged conduct. A civil case predicated on the same

---

[43] *Id.* at 364.
[44] Id. at 367.
[45] *Westfall v. Luna*, 2019 WL 3892438, at *6 (N.D. Tex. Aug. 19, 2019).
[46] See *Randolph v. Amos*, 2021 WL 5349041, at *2 (W.D. La. Nov. 15, 2021) ("A 'bare nolle prosse' is insufficient, however, and the *Heck* bar is only lifted when circumstances indicate that the failure to proceed was based on a lack of reasonable grounds for the prosecution").
[47] *Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 567, 208 L. Ed. 2d 183 (2020).

events that led to the charges that the defendant subsequently accepted responsibility for would negate that acceptance of responsibility. This would call into question the facts underlying the charged conduct.[48] This civil claim is subject to the *Heck* bar.

However, Plaintiff correctly points out that not every excessive force claim is *Heck* barred even when the Plaintiff cannot show a favorable termination. The Fifth Circuit described such a situation in *Bush v. Strain*:[49]

> [A] § 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim. Accordingly, a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance.

Plaintiff urges that *Bush* applies here.

Plaintiff is incorrect. Per the *Complaint*, after police and EMS were called to assist Plaintiff:

> Emergency workers began working on [P]laintiff to revive him. When [P]laintiff regained consciousness, he was disoriented and confused. The police jumped on [P]lainitff and began putting all their weight on him. He struggled with police, telling them "I can't breathe!" The police tazed Plaintiff five times, causing immediate pain and marks on his body.[50]

There is no temporal or conceptual distinction between the facts that underlay the criminal charges and the excessive force claim. Plaintiff does not, as in *Bush*, allege that he stopped resisting arrest and then the officers used excessive force. Rather, the allegations before the Court describe one event. From that one event sprang Plaintiff's criminal charges and his civil claims. As pled, *Heck* bars those claims.

---

[48] *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).
[49] *Id*. at 498.
[50] Rec. Doc. No. 1, p. 3.

### D. State Law Claims

In addition to his claims under 42 U.S.C. § 1983, Plaintiff also asserts several state law claims. Because the Court finds that Plaintiff has failed to allege facts sufficient to support his federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in the current procedural posture.

### III. CONCLUSION

Defendants' *Motion to Dismiss*[51] is granted. Plaintiff will have 21 days from the date of this *Ruling* to cure the deficiencies in the *Complaint*. If Plaintiff does not cure the deficiencies, this dismissal will convert to a dismissal with prejudice over the federal claims, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 20, 2022</u>.

*(signature)*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[51] Rec. Doc. No. 5.