UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HENRY YOUNG, III**

**VERSUS**

**BENJAMIN PAYNE, ET AL.**

**CIVIL ACTION**

**NO. 21-544-JWD-SDJ**

### RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss Penalty, Punitive, or Exemplary Damages* (Doc. 15) filed by Officer Benjamin Payne, individually and in his official capacity as a police officer for the city of Denham Springs ("Payne"), and the City of Denham Springs (the "City") (collectively, "Defendants"). Plaintiff Henry Young, III ("Plaintiff") opposes the motion, at least in part. (Doc. 18.) No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the motion is granted in part and denied in part.

**I.    RELEVANT FACTUAL BACKGROUND**

This case involves injuries Plaintiff sustained when Payne and other members of the Denham Springs Police Department came to his home to respond to a medical emergency caused by Plaintiff's accidental overdosing. (*First Amended Complaint for Damages under 42 U.S.C. 1983, and Related Torts Under State Law ("FAC")* ¶¶ 5–24, Doc. 13.) Plaintiff claims that, after being awakened by medical personnel, he was disoriented and confused. (*Id.* ¶ 17–18.) To restrain Plaintiff, officers got on top of him and began putting all of their weight on him. (*Id.* ¶¶ 18–19.) Even though Plaintiff said he could not breathe, and even though reasonable officers would know that Plaintiff could not breathe, was not resisting arrest, and was already immobilized, Payne tazed

Plaintiff five times in stun mode, a feature that is not designed to immobilize but is instead a "pain compliance tool" that in fact caused Plaintiff pain and left marks on his body. (*Id.* ¶¶ 19–24, 27.) Plaintiff also suffered a serious rotator cuff injury, which he did not have before the incident. (*Id.* ¶ 35.)

Plaintiff alleges that Defendants destroyed both officers' body camera footage, despite the fact that Plaintiff was charged with alleged crimes. (*Id.* ¶¶ 25–26.) The criminal case did not result in a conviction. (*Id.* ¶ 49.)

Plaintiff pleads the following causes of action: (1) a claim under 42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth Amendment, (*id.* ¶¶ 52–63); (2) a § 1983 claim for excessive force in violation of the Fourth Amendment, (*id.* ¶¶ 64–75); and (3) state law claims of (a) "outrageous conduct," (*id.* ¶ 76–80); (b) battery, (*id.* ¶¶ 81–86); and (c) vicarious liability against the City for Payne's conduct, (*id.* ¶¶ 87–90).

## II.    RULE 12(B)(6) STANDARD

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

>Applying the above case law, the Western District of Louisiana has stated:
>
>>Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Twombly*, 55[0] U.S. at 556 [ ]. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556 [ ].

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

In deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). The Court "need not, however, accept the plaintiff's legal conclusions as true." *Id.* at 502–03 (citing *Iqbal*, 556 U.S. at 678). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Id.* at 503 (cleaned up).

### III. DISCUSSION

#### A. Parties' Arguments

In the instant motion, Defendants seek dismissal of at least some of the punitive damage claims against them. (*See* Doc. 15.) The heart of their argument is that (1) punitive damages are not available under § 1983 for claims against a municipality or municipal officers in their official capacity, (*id.* ¶¶ 1, 3), and (2) exemplary damages are not available under the facts of this case under Louisiana law, (*id.* ¶ 2). Though the motion is made by Payne in his individual capacity as well, Defendants make no arguments as to why punitive damages are not available under § 1983 against him in this capacity. (*See id.*, Doc. 15-1.)

In response, Plaintiff concedes that exemplary damages are not available against a municipality or against Payne in his official capacity. (Doc. 18 at 1.) Plaintiff dedicates the remainder of his brief to why such damages are recoverable under § 1983 against Payne in his individual capacity. (*Id.* at 1–3.) Plaintiff makes no mention of any of his state law claims. (*See id.*)

#### B. Law and Analysis

Preliminarily, this motion can be dispensed with easily on the grounds of waiver. Plaintiffs have expressly declined to oppose dismissal of any claim for punitive damages under § 1983 against the City or Payne in his official capacity, and Plaintiffs implicitly declined to oppose dismissal of any punitive damage claim under Louisiana state law by making no arguments on this issue. Consequently, those claims can be dismissed as waived. *See Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (collecting authority on waiver and finding that failure to meaningfully oppose certain arguments was grounds for dismissal), *aff'd*, No. 21-30440, 2022 WL 3097846 (5th Cir. Aug. 3, 2022).

4

Similarly, Defendants failed to adequately brief whether the Court should dismiss Plaintiffs' claim for punitive damage claim against Payne in his individual capacity, so the motion must be denied on this issue. *See id.* (citing, *inter alia*, *United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) ("This failure to develop the relevant argument effectively represents a waiver of the point." (citing *United States v. Dominguez–Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008) ("Dominguez has failed to adequately raise or develop his due process and equal protection arguments in his appellate brief, and, thus, they are waived."); *El–Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones."))). Thus, the motion can be granted in part and denied in part as stated above on procedural grounds alone.

However, the motion could also be disposed of substantively. First, the United States Supreme Court has stated that exemplary damages under § 1983 are not recoverable against municipalities. *City of Newport v. Fact Concerts, Inc.*, 101 S. Ct. 2748 (1981). Likewise, under § 1983, "[a]n official capacity suit is the equivalent of a suit against the entity of which the officer is an agent." *Jordan v. Gautreaux*, 593 F. Supp. 3d 330, 353 (M.D. La. 2022) (deGravelles, J.) (quoting *Romain v. Governor's Office of Homeland Sec.*, No. 14-660, 2016 WL 3982329, at *6 (M.D. La. July 22, 2016)). Thus, Plaintiff has no § 1983 punitive damage claim against Denham Springs or Payne in his official capacity.

Likewise, "[p]unitive damages are not allowed under Louisiana law in absence of a specific statutory provision." *Fetty v. Louisiana State Bd. of Priv. Sec. Examiners*, No. 18-517, --- F. Supp. 3d ----, 2020 WL 520026, at *14 (M.D. La. Jan. 31, 2020) (deGravelles, J.) (quoting *Golden v.*

5

*Columbia Cas. Co.*, No. 13-547, 2015 WL 3650790, at *9 (M.D. La. June 11, 2015) (deGravelles, J.) (citing *Hoffpauir v. Columbia Cas. Co.*, No. 12-403, 2013 WL 5934699, at *14 (M.D. La. Nov. 5, 2013) (citing *Zaffuto v. City of Hammond*, 308 F.3d 485, 491 (5th Cir. 2002))). Here, Plaintiff has "asserted no viable basis for punitive damages for [his] state law claims, so these claims must fall." *Id.*

However, to the extent Defendants seek dismissal of Plaintiff's § 1983 claim for exemplary damages against Payne in his individual capacity, the motion must be denied. "Punitive damages may be awarded [under § 1983] only when the defendant's individual conduct 'is "motivated by evil intent" or demonstrates "reckless or callous indifference" to a person's constitutional rights.' " *Fetty*, 2020 WL 520026, at *14 (quoting *Bouchereau v. Gautreaux*, No. 14-805, 2015 WL 5321285, at *13 (M.D. La. Sept. 11, 2015) (deGravelles, J.) (quoting *Williams v. Kaufman Cty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (citation omitted)). Here, Plaintiff alleges that Payne tazed him five times, in a way designed to inflict pain (rather than to immobilize), despite the fact that Plaintiff could not breath and was not resisting the officers. (*See FAC* ¶¶ 19–24, 27, Doc. 13.) If proven at trial, such conduct would certainly support an award of punitive damages against Payne individually. *See Collier v. Roberts*, No. 13-425, 2015 WL 1128399, at *5 (M.D. La. Mar. 11, 2015) (Dick, J.) (denying motion to dismiss punitive damage claims against officer when "Plaintiff has alleged that Deputy Roberts unnecessarily seized her by the neck, forced her to the ground, handcuffed her and subsequently deployed his TASER gun on her, 'brutalized' her, and 'maliciously used excessive force upon' her.").

"In closing, the Court notes that, 'Sometimes a simple phone call is the best course of action. For example, you can sometimes save time (yours and the court's) and expense (yours or your client's) by calling opposing counsel to prevent a needless motion.).' " *McDaniel v. Williams*,

6

No. 20-146, 2021 WL 641544, at *4 (M.D. La. Feb. 18, 2021) (deGravelles, J.) (quoting David Borghardt & Jamie Tullier, *Law Clerk Corner: Part 2*, THE BATON ROUGE LAWYER, Mar.–Apr. 2020, at 8).  Here, as in *McDaniel*, Defendants could have withdrawn their motion after realizing that Plaintiff was not seeking any claim for which they sought dismissal, and Plaintiff could have offered a stipulation that he was not asserting those claims, thus mooting the motion.

> Given this Court's high case load for the past few years, *see* Borghardt & Tullier, *supra* at 9, and given the further burdens on the Court caused by the COVID-19 pandemic, the parties should work together to reduce unnecessary expenditure of resources for themselves and the Court. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." (emphasis added)).

*Id.*

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Penalty, Punitive, or Exemplary Damages* (Doc. 15) filed by Officer Benjamin Payne, individually and in his official capacity as a police officer for the city of Denham Springs, and the City of Denham Springs is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** in that the following claims are **DISMISSED WITH PREJUDICE**: (a) Plaintiff's claims for punitive damages under § 1983 against the City and Payne in his official capacity, and (b) Plaintiff's claims for punitive damages under Louisiana state law.  In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 30, 2023.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**